

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| **SUNTRUST MORTGAGE, INC.,** | : |
| **Complainant,** | : |
| v. | : Civil Action No. 3:12CV031 |
| **NEW WEST LENDING, INC.,** | : |
| **Defendant.** | : |

## COMPLAINT

Complainant, SunTrust Mortgage, Inc. ("SunTrust"), by counsel, recites the following facts and allegations in support of its Complaint against New West Lending, Inc. ("New West");

### NATURE OF ACTION

1. SunTrust agreed to purchase from New West pursuant to the terms of a Correspondent Loan Purchase Agreement ("Agreement"). SunTrust then resold the loans to secondary investors, including the Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie Mac").

2. New West has an obligation to indemnify SunTrust or repurchase loans upon the occurrence of certain events. New West has breached its indemnification and repurchase requirements, as stated under the Agreement, and SunTrust seeks to recover losses occasioned by New West's breach of contract.

## PARTIES

3. Complainant SunTrust is a Virginia corporation duly authorized to conduct business in the Commonwealth of Virginia, with its principal place of business in Richmond, Virginia.

4. Upon information and belief, Defendant New West was at all relevant times herein a Arizona corporation, with its principal place of business in Scottsdale, Arizona.

## JURISDICTION AND VENUE

5. Jurisdiction is proper under 28 U.S.C. § 1332(a) based upon diversity of citizenship between the parties and an amount in controversy in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

6. Venue is proper in this Court under 28 U.S.C. § 1391(a) based upon a Correspondent Loan Purchase Agreement entered into between SunTrust and New West on or about June 23, 2005, wherein the parties submit to the personal jurisdiction of the United States District Courts sitting in Virginia, and agree that venue is proper before the United States District Court for the Eastern District of Virginia, Richmond Division.

## BACKGROUND FACTS

7. On or about June 23, 2005, SunTrust and New West entered into a Correspondent Loan Purchase Agreement, whereby New West agreed to sell, and SunTrust agreed to purchase, on a servicing released basis, residential loans as set forth in SunTrust's Correspondent Seller Guide and governed by the Agreement.

8. Paragraph 22 of the Agreement states that, among other things, New West will indemnify SunTrust against "any and all claims, losses, damages, fines, penalties, forfeitures, attorney's fees, judgments and any costs, court costs, fees and expenses" relating to, or

arising from, the breach of any representation, warranty, term, condition or obligation contained in either the Agreement or elsewhere, or for any materially inaccurate, incomplete, false or misleading information provided by or through New West to SunTrust.

9. Among other things, New West warranted to SunTrust, in paragraph 17 of the Agreement:

   a. Each mortgage loan would be a valid and binding obligation of the borrower;

   b. It was the sole owner of the mortgage loan;

   c. The loan was eligible under the applicable loan program;

   d. It complied with all federal, state and local laws;

   e. There is a valid policy of title insurance in place on the mortgaged property; and

   f. The mortgage loan constitutes an acceptable investment to private institutional investors and that no conditions exist which affect the mortgage loan's marketability.

10. SunTrust has the non-exclusive right, pursuant to paragraph 20 of the Agreement, to require a repurchase of the loan obligation upon the occurrence of the following events:

    a. Breach of warranty or representation;

    b. Failure to timely deliver post closing documents

    c. Any information submitted to SunTrust by New West proves incomplete, inaccurate, false, or misleading in any material respect at the time the statement was made, regardless of whether New West had, or should have had, any knowledge at the time the information was submitted – "without

       limitation, any information in any loan application submitted by any Borrower any appraisal or evaluation report; any credit report; any title search or title insurance policy; and any condominium or PUD warranties";

   d. Early payment delinquency; or

   e. The loan is unmarketable.

11. Loans sold by New West to SunTrust pursuant to the Agreement were sold to investors, including Fannie Mae, Freddie Mac, and commercial lenders.

12. SunTrust has an obligation to repurchase loans or indemnify secondary investors upon the occurrence of certain conditions.

13. Both SunTrust and its investors have conducted reviews of loans sold by New West to SunTrust, and as a result of certain conditions, SunTrust has been required to either repurchase loans or indemnify its investors for their losses.

14. SunTrust has made demand upon New West for repurchase of the loan and indemnification of losses, with which New West has not complied.

McMillan 5008 Loans

15. On or before May 1, 2006, SunTrust acquired all the rights to the McMillan 5008 loans from New West pursuant to the terms of the Agreement.

16. The first position McMillan 5008 loan was subsequently sold to Freddie Mac by SunTrust.

17. On or about November 21, 2007, Freddie Mac demanded indemnification from SunTrust for the first position McMillan 5008 loan based on its determination that the loan package contained false, incomplete, misleading, and/or inaccurate information regarding undisclosed liabilities held in the borrower's name.

18. The borrower failed to disclose on the loan application one or more mortgage loans in his name.

19. SunTrust concurred with Freddie Mac's review and subsequently paid $104,651.26 to Freddie Mac as indemnification for its losses on the first position loan.

20. SunTrust also suffered damages on the second position McMillan 5008 loan in the amount of $80,336.92, for a total amount of damages of $184,988.18.

21. Had SunTrust known that the loan application contained materially misleading, inaccurate, or false information regarding the liabilities held in the borrower's name, it would have not purchased the loans.

## FIRST CLAIM FOR RELIEF AGAINST NEW WEST
## FOR BREACH OF CONTRACT OF INDEMNIFICATION

22. SunTrust restates and realleges paragraphs 1 – 22 as if set out in full.

23. SunTrust's Correspondent Loan Purchase Agreement is a valid and enforceable contract binding upon the parties.

24. SunTrust substantially performed all of its obligations and duties under the Agreement.

25. New West has breached the indemnification provision of the Agreement found at paragraph 22 by failing to indemnify SunTrust against losses incurred as a result of New West's breach of representations and warranties contained in paragraph 17 of the Agreement, as well as losses incurred due to materially inaccurate, incomplete, false or misleading information provided by New West to SunTrust.

26. The breach of the indemnification provision by New West has resulted in damages to SunTrust for money paid to its investors for the McMillan 5008 loans.

## SECOND CLAIM FOR RELIEF AGAINST NEW WEST
## FOR BREACH OF EXPRESS WARRANTY

27. SunTrust restates and realleges paragraphs 1 –22 as if set out in full.

28. SunTrust's Correspondent Loan Purchase Agreement is a valid and enforceable contract binding upon the parties.

29. SunTrust substantially performed all of its obligations and duties under the Agreement.

30. New West has breached Warranty 17.3 of the Agreement, among other provisions, by selling loans that were not eligible for purchase under the loan programs offered by SunTrust.

31. New West has breached Warranty 17.9 of the Agreement which reads in part that "All Mortgage Loan documentation submitted to Purchaser is genuine, complete and accurate, and all representations as to each Mortgage Loan are true and correct and meet the requirements and specifications of this Agreement and the Manual."

32. New West has breached Warranty 17.11 of the Agreement by selling a loan which did not constitute an acceptable investment.

33. SunTrust has been damaged by the breach of contract committed by New West which has necessitated the indemnification of its investors as well as the repurchase from investors of the McMillan 5008 loans.

## RELIEF SOUGHT

Wherefore, Complainant SunTrust respectfully requests this Honorable Court to grant judgment in its favor and against the Defendant New West as more fully set forth below:

**FIRST CLAIM FOR RELIEF FOR BREACH OF CONTRACT OF INDEMNIFICATION**

1. For general damages against New West, SunTrust requests indemnification in the amount of $184,988.18;

2. For actual attorney's fees, costs and expenses, in accordance with the Agreement, incurred as a result of, or arising from, the activities of New West which have given rise to the breach; and

3. For interest at the statutory rate.

## SECOND CLAIM FOR RELIEF FOR BREACH OF EXPRESS WARRANTY

1. For general damages against New West in an amount to be proven at trial, but which are not less than the sum of $184,988.18;

2. For actual attorney's fees, costs and expenses, in accordance with the Agreement, incurred as a result of, or arising from, the activities of New West which have given rise to the breach; and

3. For interest at the statutory rate.

Richmond, Virginia
January 5, 2012

                                      Respectfully Submitted,

                                      L. Scott Bruggemann
                                      VSB No. 42634
                                      e-mail: sbruggemann@wolfewyman.com
                                      Harijot S. Khalsa
                                      VSB No. 78682
                                      e-mail: hskhalsa@wolfwyman.com
                                      Wolfe & Wyman LLP
                                      901 E. Byrd Street, Ste. 1105
                                      Richmond, VA
                                      (804) 915-7556 (phone)
                                      (804) 417-4755 (fax)
                                      *Attorneys for SunTrust Mortgage, Inc.*